IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SIDNEY L. COLEMAN,

                    Plaintiff,                    OPINION AND ORDER

    v.

                                              21-cv-65-wmc

SAM SPERRY,

                    Defendant.

This lawsuit arises out of a traffic stop, arrest, and execution of a search warrant in Eau Claire, Wisconsin, on October 7 and 8, 2019.  Plaintiff Sidney Coleman contends that the defendant, Eau Claire Police Department Officer Sam Sperry, violated his Fourth Amendment rights by stopping him without reasonable suspicion, using excessive force during the traffic stop, unlawfully searching his vehicle, and falsely representing the grounds for obtaining a warrant to search his hotel room.  Plaintiff also seeks compensatory and punitive damages for these violations.  The case is scheduled for a jury trial on April 22, 2024, with a final pretrial conference ("FPTC") on April 12, 2024, at 10:00 a.m.  The following opinion and order addresses the parties' motions in limine subject to further discussion, if necessary, at the FPTC.

OPINION

**I.  Plaintiff's motion in limine (dkt. #76)**

Plaintiff seeks to exclude evidence of his brother Timothy's and his criminal convictions, arguing that such evidence is irrelevant and prejudicial.  In opposition, defendant refers the court to his third and fourth motions in limine, seeking permission to admit evidence of their past convictions under Federal Rule of Evidence 609(a)(1)(A).  The

court addresses the admissibility of each witness's convictions in turn below.

### A. Plaintiff Sidney Coleman

Defendant seeks to introduce evidence of Sidney Coleman's convictions as follows: (1) in May of 2016, one count of Strangulation and Suffocation with a modifier of Domestic Abuse, a class F felony-level offense in violation of Wis. Stat. § 940.235(1) and § 968.075(1)(a); (2) in December of 2012, one count of second-degree Recklessly Endangering Safety with a modifier of Use of a Dangerous Weapon, a class G felony-level offense in violation of Wis. Stat. § 941.30(2) and § 939.63(1)(b) and two counts of misdemeanor Bail Jumping in violation of Wis. Stat. § 946.49(1)(a); and (3) in October of 2007, one count of Manufacture/Deliver Cocaine (>1-5g) in violation of Wis. Stat. § 961.41(1)(cm)1r. Although each of these offenses is punishable by imprisonment for more than one year, and the first four convictions were imposed after (or Mr. Coleman served state prison time through) September of 2014, more than ten years have passed since he completed service on his October 2007 drug conviction, raising a higher bar for its admission under Rule 609(b).

The gravamen of defendant's third and fourth motions in limine -- and his response to plaintiff's motion in limine -- is that plaintiff will offer testimony regarding his non-violent character, tendency to comply with law enforcement, and allegedly ruined reputation because he was branded as a drug dealer after defendant arrested him. Defendant also contends that the fact of each conviction is relevant to plaintiff's credibility. Since it is well-settled in this circuit that the fact of conviction is admissible for purposes of impeachment as to character for truthfulness *only* under Fed. R. Evid. 609(a), the court

will permit defendant to cross-examine plaintiff with regard to these five convictions. Although defendant speculates that plaintiff may attempt to introduce other evidence of his character at trial -- without citing examples in the record -- such testimony would generally be barred under Rule 404 unless subject to a specific exception.

Since plaintiff's convictions are only being admitted under Rule 609(a)(1), however, there is also a requirement to limit any prejudice under Rule 403.  Accordingly, defendant's counsel may ask plaintiff the following question:  "You have been convicted of five crimes punishable by imprisonment for more than one year, correct?"  If Mr. Coleman's answer to that question is a simple "Yes," no further inquiry will be allowed as to his convictions for strangulation and suffocation, reckless endangerment, and bail jumping.  If, on the other hand, he refuses to answer "Yes" or otherwise "opens the door," then counsel may impeach with evidence of the specific convictions.

As for Mr. Coleman's 2007 drug conviction in particular, should plaintiff offer or elicit testimony at trial that his reputation was ruined by virtue of having been arrested for a drug offense in October of 2019, or that he was viewed as a drug dealer by the residents of Eau Claire after this arrest, he may well have opened the door to cross-examination with the fact of his drug conviction, despite its age.  Fed. R. Evid. 609(b).  However, if he offers or elicits no such testimony, defendant's counsel will be limited to asking Mr. Coleman the question outlined above regarding the number of crimes punishable by more than a year in prison for which he was convicted.

### B.  Timothy Coleman

Defendant also seeks to introduce evidence that Timothy Coleman was convicted

3

in October of 2020 for three felonies punishable by imprisonment of more than one year: (1) Felony Intimidation of a Witness in violation of Wis. Stat. § 940.43(1); (2) Attempting to Flee or Elude an Officer in violation of Wis. Stat. § 346.04(3); and (3) Threat to a Law Enforcement Officer in violation of Wis. Stat. § 940.203(2). In all three cases, defendant contends that evidence of Timothy's convictions is relevant to his credibility for honesty under Rule 609(a). In addition, defendant again speculates that plaintiff may elicit testimony regarding Timothy's non-violent and law-abiding character, despite such evidence being barred under Rule 404. Defendant also contends that it is particularly important for the jury to be aware of Timothy's conviction for intimidating a witness, given the potential impact of such conduct on the credibility of any witnesses with whom he may have discussed this case.

Subject to Rule 609, defendant will be permitted to cross-examine Timothy Coleman as to the fact of his conviction for any crimes punishable by over a year's imprisonment within the last decade (or for which he was released within the last decade). That includes -- but is not limited to -- the three felonies referenced above. As with Sidney Coleman, defendant's counsel will not be able to inquire further into Timothy Coleman's convictions if he truthfully answers a question regarding the number of his admissible convictions. However, if he refuses to answer that question "Yes" or plaintiff otherwise "opens the door," then counsel may impeach with evidence of each individual conviction. Because defendant has not provided any indication that he intends to introduce evidence of Timothy's convictions from over 10 years ago, he will not be permitted to do so absent a showing that its probative value outweighs its prejudicial effect and reasonable written

notice to plaintiff.  Fed. R. Evid. 609(b)(1)-(2).  At the FPTC, the parties are to have agreed on the precise number of convictions qualified for impeachment on the witness's character for truthfulness.

Accordingly, plaintiff's motion is GRANTED in part and DENIED in part.

## II. Defendant's motions in limine (dkts. ##79-90)

### A. Preclude any argument based on the Golden Rule or suggestions that the jury put themselves in the place of the plaintiff (dkt. #79)

Defendant asks that the court preclude any "Golden Rule" type argument by Coleman, asking jurors to place themselves in his shoes.  Since this exclusion is well established, that motion is GRANTED.

### B. Sequester any non-party witnesses from the courtroom (dkt. #80)

As it is the court's standard practice, defendant's motion to sequester non-party witnesses from the courtroom is GRANTED.

### C. Admit Sidney and Timothy Coleman's prior convictions (dkt. #81 and dkt. #82)

These motions are the inverse of plaintiff's motion in limine.  (Dkt. #76.)  For the same reasons -- and with the same caveats and admonitions -- these motions are GRANTED IN PART and DENIED IN PART as set forth above.

### D. Bar any evidence or argument relating to claims dismissed on summary judgment (dkt. #83)

This motion is GRANTED with some clarification.  Neither party may discuss *claims*

5

that were dismissed earlier in this case or make arguments inconsistent with those rulings. However, either party may elicit testimony regarding relevant facts surrounding the circumstances of: (1) the traffic stop initiated by defendant; (2) the search of plaintiff's car; or (3) defendant's use of force, whether or not also related to those claims previously dismissed.

**E. Bar any evidence or request for damages that have not been itemized (dkt. #84)**

This motion is RESERVED. Defendant contends that plaintiff has failed to respond to a discovery request seeking an itemization of his claimed damages as required by Fed. R. Civ. P. 26(a)(1)(A)(iii). To the extent plaintiff has not identified any expert witnesses to establish damages in this matter or made a specific claim for medical expenses or other itemized damages, this kind of evidence and requests will be excluded. However, plaintiff is entitled to testify to such physical injury, pain, and emotional suffering he claims to have experienced as a result of any Fourth Amendment violations that the jury finds defendant is liable for. *See Cyrus v. Town of Mukwonago*, 624 F.3d 856, 865 (7th Cir. 2010).

Regardless, plaintiff should be prepared to indicate at the FPTC what specific damages he intends to assert at trial, whether physical, emotional, or financial.

**F. Preclude plaintiff from presenting or eliciting opinion testimony from any witnesses regarding medical or mental health care that does not rise to the level of medical certainty or causation (dkt. #85)**

Although this motion is GRANTED for the reasons discussed above, plaintiff is entitled to testify about any injury, pain, and emotional suffering he experienced only after

any Fourth Amendment violation, understanding that this may "open the door" for impeachment as to other, possible underlying causes, particularly if claiming damages for loss of reputation.

### G. Preclude plaintiff from presenting testimony or evidence that officers executed the hotel room search warrant with guns drawn (dkt. #86)

Defendant asks that the court preclude any testimony or evidence that officers executed the search warrant on plaintiff's hotel room with guns drawn.  To this motion, plaintiff specifically objects since his wife, Lakesha Johnson, was present during the search and can testify to the facts in question.  However, plaintiff does not challenge the force that officers used while executing the search warrant, nor is Ms. Johnson a party to this case herself.  Because the manner in which the warrant was executed is not an issue in this case -- and could unfairly prejudice or mislead the jury -- and its materiality as to *plaintiff*'s damages is unclear, this exclusion would seem appropriate, but defendant's motion is RESERVED pending further discussion at the FPTC.

### H. Preclude testimony regarding defendant's insurance coverage (dkt. #87)

Defendant further seeks to preclude plaintiff from submitting evidence that he may be covered by insurance on relevance grounds and under Fed. R. Evid. 403.  Coleman objects because he claims such evidence is relevant.  Since well-established law precludes any testimony or argument with respect to insurance by either side *unless* defendant or his counsel should open the door, this motion is GRANTED.

I. **Preclude plaintiff from presenting testimony of what others would have done under the same circumstances (dkt. #88)**

Defendant next seeks to preclude on relevance grounds any testimony, from any witnesses, about what they would or would not have done if confronted with the same circumstances confronting him.  Although Coleman opposes this motion, he has not identified any witness he would like to ask about what they would have done in the circumstances.  What a reasonable officer would or should have done under similar circumstances may be relevant.  Therefore, the court RESERVES on this motion for further discussion during the FPTC.

J. **Preclude plaintiff from introducing or using documents not identified or produced in discovery (dkt. #89)**

Defendant seeks an order precluding plaintiff from offering or referring to documents not previously produced, pointing to plaintiff's failure to answer or produce documents in response to defendant's First Set of Interrogatories and Requests for Production.  In response, plaintiff contends that he is also waiting to receive evidence.

While the court will apply the Federal Rules of Civil Procedure and the Federal Rules of Evidence, a general, boilerplate motion in limine like this one is typically unhelpful at best and incomplete at worst.  Still, the motion is GRANTED to the extent that either side seeks to introduce any previously undisclosed documents subject to production under Rules 26 and 37.  Of course, this ruling does not preclude plaintiff or defendant from raising arguments in response to objections to specific exhibits, and any discussion as to untimely disclosure will take place at the FPTC.

### K. Bar testimony opining that defendant's actions were motivated by race (dkt. #90)

Defendant moves to preclude Coleman from arguing that his actions were racially motivated on the ground that there is no evidence his conduct was in any way motivated by race. Additionally, defendant reminds the court that since part of the constitutional standard is objective (i.e., what a reasonable officer would do), his motivations are irrelevant. In response, Coleman argues that such evidence is relevant and ought to be considered by the jury.

Although defendant is correct that his subjective intent has no relevance to the claimed Fourth Amendment violations here, his subjective perceptions are relevant in evaluating his description of the incident, as well as the award of punitive damages, if any. Thus, although there will be *no* reference to race being a factor in opening statements absent actual *evidence* that race was a factor here, plaintiff is free to question Officer Sperry about explicit or implicit racial bias that might have clouded his view or description of Coleman and his actions, and he *may* be able to argue the same in closing in an effort to undermine defendant's credibility depending on the evidence admitted. On the other hand, plaintiff may not suggest at any point (absent *hard* evidence produced *before* trial and express leave of this court) that Officer Sperry or any other officer is racist generally. Of course, *defendant* also will be allowed to explore on cross and argue in closing whether the plaintiff's perceptions may have been clouded based on his own explicit or implicit bias. Accordingly, defendant's motion is GRANTED IN PART and DENIED IN PART.

**III. Voir Dire, Jury Instructions and Trial Exhibits**

The court intends to share its proposed voir dire and jury instructions well in advance of the FPTC, so the parties should be prepared to address any remaining objections or questions, along with any objections that may be interposed to the parties' respective trial exhibits. Thus, *before* the FPTC, both sides will need to file in Box.com copies of all their exhibits to which the opposing party has objected. Any questions as to *how* to file these exhibits should be directed to the Clerk's Office.

ORDER

IT IS ORDERED that:

1) Plaintiff's motion in limine (dkt. #76) is GRANTED IN PART and DENIED IN PART as set forth above.

2) Defendant's motions in limine (dkts. ##79-90) are GRANTED, GRANTED IN PART, DENIED IN PART, and RESERVED as set forth above.

3) The parties should be prepared to address the court's rulings on the parties' motions in limine as well as the proposed voir dire, jury instructions, and contested exhibits, at the FPTC.

Entered this 8th day of April, 2024.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge